IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Paul Stocks,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CIV 03-1510-PHX-ROS (LOA)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Lawrence O. Anderson's Report and Recommendation (R&R) filed on September 28, 2004. [Doc. #24]. Judge Anderson recommends that the Court deny Petitioner David Paul Stock's Petition for Writ of Habeas Corpus, which was filed on August 6, 2003 pursuant to 28 U.S.C § 2254. [Doc. #1]. Petitioner filed Objections on January 11, 2005. [Doc. #29]. Respondents filed no objections. For the reasons set forth below, the Court will adopt the R&R in part, reject in part, and dismiss the Petition.

**I.  BACKGROUND**

After a jury trial, Petitioner was sentenced on one count of fraudulent schemes and artifices and seven counts of forgery. [Doc. #13, Ex. H, p. 2.] The charges accused Petitioner of forging checks from his brother Charles' bank account. Petitioner had helped care for Charles, who suffered severe complications from diabetes. [Doc. #12, Ex. B, pp. 97-100.] Shortly after Charles' death, Petitioner obtained a drivers license using his own

1  photograph but Charles' name and birth date, and rented an apartment using Charles' name.
2  [Doc. #12, Ex. D, pp. 140-141.] Petitioner was arrested at the apartment on an outstanding
3  warrant. [Doc. #12, Ex. E, pp. 143-144.] While police officers were in the apartment, they
4  reported seeing evidence of check "washing." [Id.]

5  On September 6, 1995, after a jury trial, Petitioner was convicted on two of the seven
6  forgery counts and the fraudulent schemes and artifices count. [Id.] Petitioner was sentenced
7  to 15.75 years' imprisonment on the fraudulent schemes count and to 10 years' imprisonment
8  for the forgery counts, all sentences flat-time, to run concurrently. [Id.] Petitioner was
9  further ordered to pay $7,205.00 in restitution. The Arizona Court of Appeals affirmed
10 Petitioner's convictions but vacated the sentences and remanded, finding that the State had
11 failed to give notice to Petitioner that it would seek sentence enhancements for offenses
12 committed while on probation. [Doc. #11, Ex. A at 156.]

13 The trial court re-sentenced Plaintiff to the same sentences (except that the sentences
14 were not flat-time, but ordinary sentences subject to probation at 85 percent of the sentence).
15 Doc. #13, Ex. X, pp. 6-7.] Petitioner appealed his re-sentencing. The Court of Appeals
16 vacated the sentencing court's order of restitution and remanded for a recalculation of
17 restitution, and modified the court's order to recognize five additional days for pre-sentence
18 incarceration credit. [Doc. #13, Ex. G.]

19 On remand for modification of the restitution amount, the trial court reduced the
20 restitution amount from $7,205.00 to $3,500.00. [Doc. #13, Ex. K.]

21 On June 28, 1999, Petitioner filed his first Notice of Petition for Post-Conviction
22 Relief ("PCR") pursuant to Rule 32, Arizona Rules of Criminal Procedure. [Doc. #11, Ex.
23 A, at 115.] Petitioner's Petition for PCR was filed on September 29, 1999. [Id. at 133.]
24 After Petitioner's appointed counsel was unable to find any grounds for post-conviction relief
25 (Id. at 147), Petitioner filed subsequent Petitions for PCR on March 24, 2000 and June 1,
26 2000. [Id. at 159 and 167.] Petitioner filed a request for leave to amend his Petition for PCR
27 on July 5, 2000. [Id. at 170.]

28

The trial court denied Petitioner relief on October 6, 2000. [Id. at 182.] Petitioner filed a Petition for Review with the Court of Appeals. [Doc. #13, Ex. M]. The Court of Appeals summarily denied review on July 24, 2001 (Id., Ex. N), and the Arizona Supreme Court subsequently denied review on January 28, 2002 (Id., Ex. O).

On May 2, 2001, Petitioner filed a subsequent Notice of PCR and Petition for PCR. [Id., Ex. P.] Petitioner's subsequent Petition was dismissed by an order filed on June 18, 2001. [Id.] The Arizona Court of Appeals denied review on March 19, 2002 (Id., Ex. Q) and the Arizona Supreme Court also denied review in an order filed on August 12, 2002 (Id., Ex. S).

## II.   STANDARD OF REVIEW

Pursuant to the Federal Magistrates Act, 28 U.S.C. § 636, a "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." Thomas v. Arn, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B); Estate of Connors v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). Any party who disagrees with the magistrate's recommendations "may serve and file written objections." 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." Id. "[P]arties who do not object to a magistrate's report waive their right to challenge the magistrate's factual findings but retain their right to appeal the magistrate's conclusions of law." Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991); see Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000) ("Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact."); Thomas, 474 U.S. at 149 ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); see also Fed. R. Civ. P. 72(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b). Finally, the decision of whether to issue a separate written opinion is entirely

within the district court's discretion. See Boniface v. Carlson, 881 F.2d 669, 672 (9th Cir. 1989) (affirming Arizona district court's decision to adopt magistrate's R&R without written opinion and stating: "Petitioner's . . . claim that the district court erred in adopting the magistrate's [R&R] without a written opinion is without merit since the necessity of a separate opinion is entirely within the discretion of the judge.").

## III.   ANALYSIS

### A.   The Petition

Petitioner alleges the following seven grounds for relief in the Petition: (1) a violation of his Fourth Amendment rights by an illegal search of his apartment on or around the time of his arrest, and ineffective assistance of counsel because his trial counsel failed to move to suppress evidence obtained during that search; (2) ineffective assistance of counsel relating to his trial counsel's failure to prepare to cross-examine the State's expert witness; (3) ineffective assistance of trial counsel for failure to interview a bank teller who witnessed an attempt to cash a fraudulent check and whose description of the suspect did not match Petitioner; (4) that his trial counsel had a conflict of interest; (5) the State violated Petitioner's due process rights by failing to disclose potentially exculpatory evidence, a bank surveillance photograph; (6) the State failed to present sufficient evidence to support the "benefit" element of the charge of fraudulent scheme and artifice; and (7) his sentence was unconstitutional because the State failed to prove the dates of his prior convictions used to enhance his sentence. [Doc. #1].

### B.   The Magistrate Judge's R&R

#### 1.   Claims I Through IV (Ineffective assistance of counsel)

Regarding Petitioner's Claims I through IV, Judge Anderson applied the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), which requires a petitioner to show that (1) counsel's performance was objectively deficient, and (2) that counsel's deficient performance prejudiced the petitioner. [Doc. #24 p. 23]. Based on this standard, Judge

Anderson concluded that none of Petitioner's ineffective assistance of counsel claims had merit. [Id. at 23-34].

Specifically with regard to **Ground I** (failure to challenge search & seizure), Judge Anderson determined that the warrant was valid and properly executed, and that the incriminating evidence was in plain view which justified the search. [Id. at 26-27]. Additionally, Judge Anderson found that Attorney Spencer did challenge the admission of items seized from Petitioner's apartment on other grounds and was not ineffective for declining to move to suppress on grounds that lacked legal and factual support. [Id. at 26]. Based on the record, Judge Anderson concluded that Petitioner failed to show that the trial court's rejection of his claim that trial counsel rendered ineffective assistance in failing to challenge the search and seizure rests on an unreasonable application of Strickland. [Id.].

Regarding **Ground II** (failure to interview witnesses), Judge Anderson found that the record did not support Petitioner's claim. Specifically, he cited findings from the trial court (issued during sentencing after Petitioner challenged attorney Spencer's representation) that Spencer conducted an "excellent trial," that she persuaded the jury not to convict Petitioner on all charges, and that she filed a lengthy motion in limine before trial which resulted in the exclusion of "numerous matters about drug abuse." [Id. at 27]. In response to Petitioner's chief complaint that Spencer failed to interview witnesses and instead relied upon the interviews conducted by prior counsel, Judge Anderson found that successor counsel need not personally conduct interviews where they have been made available. [Id. at 28]. In response to Petitioner's complaint that counsel should have conducted a more thorough investigation of the expert, Judge Anderson found that Petitioner failed to show how counsel could have been more effective, as the record indicates that the jurors found him guilty of only two of the forgery charges and could not reach a verdict on the others. [Id. at 29].

In **Ground III**, Petitioner contends that Spencer was ineffective in failing to interview a bank teller or call her as a witness. In response to this claim, Judge Anderson noted that counsel did pursue the factual issue at trial, where she attempted to establish that the bank

1 teller's description did not correlate to Petitioner's appearance. [Id. at 30]. Furthermore, there was testimony that each teller cashes "hundreds" of checks every day, and it was therefore unlikely that the bank teller could have testified whether Petitioner was the person who attempted to cash the check. Alternatively, there was a risk that if the teller had appeared at trial and seen Petitioner, something might have jogged her memory that it was Petitioner. [Id.] As a result, Judge Anderson found that counsel made a reasonable strategic decision not to call the bank teller and to instead rely on other evidence. For these reasons, the Petitioner could not show what further investigation of the bank teller would have revealed or how her testimony would have altered the proceedings, and as a result, Petitioner failed to establish prejudice. [Id. at 31].

**Ground IV** alleges that counsel rendered ineffective assistance because she had a conflict of interest with Petitioner. In response to this allegation, Judge Anderson found that the record established that Petitioner "wanted attorney Spencer [to] do only as Petitioner wished rather than exercising her legal judgment." [Id. at 33]. Specifically, Judge Anderson noted that Spencer did not know about the bar complaint until after the conclusion of trial, and thus, the complaint could not have impacted her representation at trial. [Id. at 34]. Judge Anderson viewed the record in light of Petitioner's history with prior counsel and concluded that Petitioner failed to present evidence that the alleged conflict of interest impacted trial counsel's representation of Petitioner. [Id. at 32-34].

      **2.**     **Claim V (Brady Claim)**

Petitioner's fifth claim involved allegations that the State withheld exculpatory evidence in violation of Brady v. Maryland. In response to this claim, Judge Anderson cited the Court of Appeals' ruling that Petitioner's attempt to raise the Brady claim in his second direct appeal was improper as a matter of Arizona law and as a result, procedurally barred. [Doc.#24, p.14]. Judge Anderson stopped short of concluding that Petitioner's Brady claim was procedurally barred, but rather, found that the claim failed on the merits. [Id. at 14-16.] This conclusion was reached after considering what the trial court referred to as

"overwhelming evidence" of Petitioner's guilt. [Id.] Evidence cited includes Petitioner's admissions that (1) Petitioner went to the bank with Charles to help him cash checks; (2) with regard to the forged checks at issue, it was Petitioner's handwriting; (3) Petitioner obtained a driver's licence in Charles' name with Petitioner's photo on it; (4) the Estes check was blank when Petitioner filled it in and signed it; (5) during the last months of Charles' life, Petitioner was unable to sign his own checks; and (6) that the checks drawn on Charles' account were counter checks. Judge Anderson also cited to evidence that Charles did not leave the nursing home in September when the checks were cashed. In light of this evidence, Judge Anderson found that Petitioner cannot establish that a Brady violation occurred. [Id. at 15-16]. The Court additionally found that the affidavits presented by Petitioner do not prove that a photograph existed, where other evidence indicates that it did not. [Id. at 15].

### 3. Claim VI (insufficient evidence of "benefit" element)

In response to Petitioner's claim that his conviction on the fraudulent scheme and artifice lacked sufficient evidence on the "benefit" element, Judge Anderson found that Petitioner failed to raise this claim before the state courts, that a return to state court would be futile because consideration of this claim would be time-barred under Arizona law, and that as a result, review of this claim is procedurally barred. [Id. at 16-17.] In addition, Judge Anderson determined that Ground VI fails on the merits, where there was circumstantial evidence at trial that Petitioner benefitted from the fraudulent scheme and artifice, including an admission that Petitioner's handwriting was on the checks, that he had "filled out" the checks at issue, that he cashed the checks, that the Bank of America account had been emptied the day after Charles' death, and that Petitioner rented an apartment in Charles' name only five days after Charles' death using funds from the Bank of America account. [Id. at 17]. As a result, Judge Anderson found that a jury could conclude that Petitioner benefitted from cashing the checks. [Id.].

### 4. Claim VII (Insufficient evidence of prior convictions)

- 7 -

With respect to Petitioner's final claim, Judge Anderson found that Petitioner had not presented his claim regarding enhancement of his sentence with prior convictions as a federal constitutional issue. [Id. at 21]. In addition, Judge Anderson found that the sentencing issue involved the application of a state law decision. [Id. at 21-22]. However, even if Petitioner had properly presented a federal claim, Judge Anderson found that he failed to establish an unreasonable application of federal law pursuant to Jackson v. Virginia, 443 U.S. 307 (1979). [Id.]. Specifically, there was sufficient evidence of the two prior convictions where the State disclosed to the defense numerous alleged prior convictions and the evidence supporting them, the Petitioner admitted the prior convictions, and the trial court found the existence of the two prior convictions based on Petitioner's testimony. [Id. at 23]. Judge Anderson found that by admitting the prior convictions, Petitioner admitted the charged allegation of prior convictions, which included the dates upon which those offenses were committed. [Id. at 23].

C.    **Petitioner's objections**

1.    **Claims I Through IV (Ineffective assistance of counsel)**

With respect to the ineffective assistance of counsel claims one through four, Petitioner first contends that the applicable standard of review is governed by Wiggins v. Smith, 123 S.Ct. 2527 (2003), instead of the Magistrate Judge's use of the more deferential standard employed under Strickland v. Washington, 466 U.S. 668 (1884). [Doc. #29 pp. 26]. Specifically, Petitioner objects to Judge Anderson's findings that:

- Trial counsel challenged the warrant used to search Petitioner's apartment and seize the property subsequently used to convict Petitioner. [Petitioner claims that was not the case; rather, counsel informed the court that Petitioner had asked her to challenge the warrant and search, but that she had not done so and wanted to inform the court so that there would not be a dispute about it during the trial.] [Id. at 26].

- The trial court had found the errors in the dates (related to when the detectives obtained the warrant) clerical in nature. [Petitioner argues that the trial court's statements were dicta and not entitled to deferential treatment.][Id. at 27].
- No warrant was necessary to search Petitioner's apartment because he had consented to a search as a condition of his probation. [Petitioner claims that the record does not support the finding.] [Id. at 27-28].
- All that is needed to conduct a search of a probationer's residence is reasonable suspicion. [Petitioner argues that United States v. Knight, 534 U.S. 112 (2001), requires both a probationer's written consent to a search as a condition of probation and reasonable suspicion, and that neither were present here.] [Id. at 28].
- Counsel was successful in having some of the prejudicial materials seized from Petitioner's apartment suppressed on other grounds. [Petitioner argues that a successful challenge of the warrant and search would have resulted in all of the evidence being suppressed.] [Id. at 29].
- Counsel adequately prepared for trial based on what she did, rather than what she did not do. [Petitioner contends that a reviewing court is required to address the latter.] [Id. at 29].
- Counsel's failure to interview or call the bank teller that identified the person that had attempted to cash the Estes check was justified. [Petitioner argues that Sette's testimony could have excluded Petitioner as the person who cashed the check or would have allowed the jury to draw an inference that someone other than Petitioner did it.] [Id. at 29].
- The conflict that existed between Petitioner and counsel was not prejudicial. [Petitioner contends that the conflict he had with prior counsel was imputed to trial counsel, so that the reliance on prior counsel's work product is inappropriate.] [Id. at 30].

### 2. Claim V (Brady Claim)

#### a. Exhaustion/Procedural Objections

Claim V involves Petitioner's objection to Judge Anderson's implication that Petitioner's claim that the State withheld exculpatory evidence in violation of Brady is procedurally defaulted, because he attempted to improperly supplement the record on appeal from his first PCR. [Id. at 3-4]. Petitioner claims that when this attempt was rejected by the appellate court, he filed the successive PCR. [Id. at 3] [Respondents' Exhibit L.] The trial court in the second PCR found that Petitioner's claims that he should be excused from the timeliness requirement of Rule 32.4(a) based upon newly discovered evidence were precluded, because they had previously been addressed in the first PCR. [Id. at 3][Respondents' Exhibit P at 2]. Petitioner contends that the claims raised in that petition are exhausted for federal habeas corpus purposes and not procedurally barred. [Id. at 2-3]. Consequently, Petitioner argues that issue preclusion does not provide a basis for this court to apply a procedural bar. [Id. at 2].

Further, Petitioner claims that in finding that the Petitioner's claims were previously addressed in the first PCR, the trial court in the second PCR based its decision on the merits and not on independent and adequate state law grounds. [Id. at 3-4]. In addition, Petitioner notes that the court's failure to address his Brady claim does not mean it is unexhausted. [Id. at 4]. Petitioner objects to Judge Anderson's implication that the petition may be unexhausted, where he found that even if the Petitioner properly preserved his Brady claim, it fails on the merits, and that the Court may deny the petition even though it is unexhausted. [Id. at 4]. Finally, Petitioner objects to Judge Anderson's contention that he failed to specify which check the Brady claim involves as being incorrect. [Id.].

#### b. Merits

In terms of the merits, the Petitioner's objections primarily take issue with Judge Anderson's finding that the State's failure to either preserve a photograph or produce the photograph does not violate the Due Process Clause and would not have exonerated the

Petitioner due to the overwhelming evidence in the case. [Id. at 5-11]. Petitioner objects to Judge Anderson's reliance on "overwhelming evidence" cited above. [Id. at 5-11]. Petitioner submits that had the photograph been made available to the jury, it cannot be said that Petitioner would have been convicted of the fraudulent schemes count beyond a reasonable doubt. [Id. at 5-6].

### 3. Ground VI (Insufficient evidence of "benefit" element)

#### a. Exhaustion/Procedural Objections

With regard to Ground VI, Petitioner objects to Judge Anderson's finding that a review of the claim is procedurally barred. [Id. at 11]. Petitioner argues that the claim is exhausted and submits relevant pages from his petition for review for the Court of Appeals (his second PCR) as evidence. [Id. at 11-12].

#### b. Merits

Petitioner objects to Judge Anderson's alternative finding that the claim fails on the merits because of circumstantial evidence that the Petitioner benefitted from the fraud. [Id. at 12]. In his Report and Recommendation, Judge Anderson concluded that the individual who had received the cash from the checks had benefitted from cashing them, and that based on the evidence, that individual was the Petitioner. [Id. at 13-14]. Petitioner argues that the conclusion that cash is a benefit for purposes of a fraudulent schemes and artifices charge fails to take into consideration that the benefit must be obtained by means of a false pretense. [Id. at 15]. In order to support a fraud conviction under A.R.S. § 13-2310(A), "[The state must prove not only (1) a scheme or artifice to defraud, but also that (2) defendant knowingly and intentionally participated in it and that (2) it was a scheme for obtaining money or property by means of 'false or fraudulent pretenses, representations or promises." State v. Johnson, 179 Ariz. 375, 378, 880 P.2d 132, 135 (1994). Petitioner argues that even if one assumes the first two elements were proven, there is no proof that Petitioner received the benefit "by means of false or fraudulent pretenses, representations or promises" as required.

1 [Doc. #29 at 15]. Petitioner argues that there is no evidence that he misled Charles into
2 giving him his check book, and breach of any implied trust will not suffice. [Id. at 17-18].

### 4. Ground VII (Insufficient evidence of prior convictions)

#### a. Exhaustion/Procedural Objections

5 Ground VII involves insufficient evidence regarding prior convictions. Petitioner
6 objects to Judge Anderson's implied finding that Petitioner failed to properly exhaust his
7 sufficiency of the evidence claim and submits that he raised this issue in his supplemental
8 brief when he cited to Jackson v. Virginia, 443 U.S. 307 (1979), again in his first PCR, and
9 also on review as both substantive and ineffective assistance claims. [Id. at 19-20]. As a
10 result, Petitioner argues that the claim was properly exhausted. [Id. at 20]. In addition,
11 Petitioner objects to Judge Anderson's finding that Petitioner failed to properly present a
12 federal constitutional issue because he failed to make a record in support of his claim on
13 appeal, and because the claim involves an application of state law which was resolved on
14 state law grounds. [Id. at. 20]. Petitioner submits that he did provide the state courts with
15 the record in support of his claim on appeal, and that it was rejected. [Id.]. Furthermore,
16 Petitioner argues that Judge Anderson's finding that he is not entitled to relief because his
17 claim is premised on the application of state law is incorrect, because the state failed to prove
18 that his prior convictions were committed within five years of the instant offense, as required
19 by form A.R.S. § 13-604(1)(U)(c)(now V). Petitioner contends that under Jackson, the
20 resulting enhancements should be vacated and that he be re-sentenced without the prior
21 convictions. [Id. at 21].

#### b. Merits

23 As to the merits of the sentencing claim, Petitioner objects to Judge Anderson's
24 finding that under Arizona law, there is sufficient proof of the prior convictions because by
25 admitting the priors, Petitioner admitted the state's allegations, including the dates upon
26 which they had been committed, citing Ariz. R. Crim. P. 17.6. [Id. at 21-22]. Petitioner
27 claims that Judge Anderson failed to address Petitioner's claim that Apprendi v. New Jersey

- 12 -

requires the dates upon which his prior convictions had been committed to be proved to a jury beyond a reasonable doubt. [Id. at 22]. In addition, Petitioner argues that Rule 17.6 applies only to prior offenses which are an element of the crime, and that subsequent amendments to A.R.S. § 13-604 now require proof that the prior offenses were committed within five years of the instant offense. [Id. at 24]. Failure to provide proof that the prior offenses were committed within five years results in fundamental error. Petitioner alleges that "there was a total failure of proof during both sentencing proceedings." [Id.].

D.  **Legal Analysis**

   1.  **Grounds I Through IV (Ineffective assistance of counsel)**

In keeping with clearly established precedent for ineffective assistance of counsel cases, the Court adopts the "reasonable probability" standard articulated in Strickland v. Washington, 466 U.S. 668 (1984), and set forth in the Report & Recommendation. [Doc. #24 p. 23]. Cooper-Smith v. Palmateer, 397 F.3d 1236, 1243-44 (9th Cir. 2005) (rejecting the "more probable than not" standard applied by the district court in favor of Court's precedent following principles and standards set forth in Strickland). Under Strickland, a petitioner must show that (1) counsel's performance was objectively deficient and that (2) counsel's deficient performance prejudiced the petition. 466 U.S. at 687. To be deficient, counsel's performance must be "outside the wide range of professionally competent assistance." Id. at 690. To show prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The test has nothing to do with what the best lawyers would have done . . . . We ask only whether some reasonable lawyer at trial could have acted, in the circumstances, as defense counsel acted at trial." Id.

With respect to **Ground I**, the Court adopts Judge Anderson's conclusion that the Petitioner failed to show that the trial court's rejection of Petitioner's claim that trial counsel rendered ineffective assistance in failing to challenge the search and seizure rests on an unreasonable application of Strickland. [Doc. #24 p. 27]. The record establishes that the

warrant was properly obtained and that the search was properly conducted. Furthermore, Petitioner's challenge is irrelevant, because the police did not need a warrant to search Petitioner's residence. Trial counsel is not obligated to file a motion to suppress that would have lacked legal and factual support. See Ceja v. Stewart, 97 F.3d 1246, 1253 (9th Cir. 1996).

**Ground II** objects to Judge Anderson's finding that counsel adequately prepared for trial based on what she did rather than what she did not do. Petitioner contends that counsel should not have relied on prior counsel's witness interviews and that counsel should have interviewed the State's handwriting expert. "The relevant inquiry under Strickland is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1174 (9th Cir. 1998). The Court agrees with Judge Anderson's determination that Counsel's choices were reasonable in this case where counsel had access to witness interviews and was familiar with the expert's testimony. [Doc. #24 p. 28].

In **Ground III**, Petitioner contends that counsel was ineffective for failing to interview a bank teller, or call her as a witness, where her description of the person who cashed the check did not entirely match that of the Petitioner. The record supports Judge Anderson's conclusion that counsel's decision not to call the bank teller was a strategic one. [Id. at 31]. Counsel's strategic choice falls within the broad range of constitutionally adequate representation. In addition, Petitioner has not established that the testimony of the bank teller would have altered the outcome of the proceedings, and as a result cannot establish prejudice. See Gallego v. McDaniel, 1224 F.3d 1065, 1077 (9th Cir. 1997)(finding that petitioner failed to establish ineffective assistance of counsel where he did not allege that a background investigation of a witness would have revealed information that might have altered the outcome at trial). For these reasons, the Court agrees with Judge Anderson's conclusion that Petitioner's claim fails under Strickland.

With regard to **Ground IV**, the Court finds that the record supports Judge Anderson's finding that the conflict that existed between Petitioner and counsel was not prejudicial, where Attorney Spencer did not know about Petitioner's bar complaint until after the conclusions of trial; thus, the complaint could not have impacted her representation during trial. [Doc. #24 p. 32-34]. Upon learning that Petitioner intended to file a second bar complaint against her, Spencer reported that this made it difficult for her to continue to defend Petitioner and moved to withdraw. [Id. at 33]. Petitioner points to evidence of an *ex parte* motion to withdraw which Spencer filed before trial, but which was not docketed until after trial. This motion was considered and denied. [Id. at 34]. The Court agrees with Judge Anderson's finding that Petitioner has not presented any additional evidence that an alleged conflict impacted Spencer's representation of Petitioner at trial. [Id. at 34].

    **2.    Ground V (Brady Claim)**

        **a.    Exhaustion/Procedural Objections**

Petitioner's Brady Claim involves a challenge to the State's failure to offer evidence that could exonerate Petitioner or cast doubt as to whether the Petitioner cashed the checks. In Brady v. Maryland the Supreme Court held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83 (1963).

After a careful review of the record, this Court finds that Petitioner's Brady claim is exhausted. Judge Anderson did not make a conclusive determination as to exhaustion, but found that regardless, the claim failed on the merits (stating that if the claim was preserved and therefore exhausted, the claim failed on the merits; alternatively, the Court may dismiss the petition on the merits pursuant to § 2254(b)(2), even where there are unexhausted claims). [Doc. #24 at 13-14]. In support of its conclusion that the claim is exhausted, this Court finds that Petitioner's Brady claim was properly raised in his second PCR on May 2, 2001 (Respondents Exhibit L), and that the trial court dismissed the notice and petition on

1  the grounds that the claim presented for review had already been ruled upon in a previous
2  petition. [Respondents Exhibit P]. The trial court did not, as Judge Anderson found, dismiss
3  the second PCR as untimely under Rule 32.4(a). [Doc. #24 p.10]. Rather, the trial court's
4  reference to Rule 32.4(a) timeliness requirement related to the Petitioner's reliance on Rule
5  32.1(e), which provides an exception to the timeliness requirement based upon newly-
6  discovered evidence. [Respondents' Exhibit P at 2; Doc. #29 pp. 2-3]. Preclusion does not
7  provide a basis for federal courts to apply a procedural bar. See Ceja v. Stewart, 97 F.3d
8  1246, 1252 (9th Cir. 1996). In finding that the Petitioner's claims were precluded from being
9  addressed, the trial court in the second PCR failed to base its decision on independent and
10 adequate state law grounds. See id. Furthermore, to the extent the trial court failed to
11 specifically address Petitioner's Brady claim at that time is of no consequence for purposes
12 of exhaustion. See Smith v. Digmon, 434 U.S. 332, 333-34 (1978) ("[W]hether the
13 exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether
14 a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely
15 raised in petitioner's brief in the state court . . . .").

    **b. Merits**

17   Although the Court finds Petitioner's Brady claim is exhausted, it agrees with Judge
18 Anderson that it fails on the merits. In reaching his conclusion, Judge Anderson considered
19 the evidence Petitioner submitted in support of his Brady violation, including the affidavit
20 of Max LaRue. [Doc. #24 p. 15]. The affidavit did not specify when the alleged photo was
21 shown to Mr. LaRue, who showed it to him, on what date the allege photo was taken or
22 describe the checks being cashed. [Id.] Even if a photo existed at some time, the affidavits
23 did nothing to establish whether it existed at the time of trial. [Id.] Petitioner establishes that
24 this is not the standard for determining a Brady claim, but offers no authority to the contrary.
25 [Doc. #29 p. 7]. Furthermore, other testimony indicated that there were no surveillance
26 photographs. The Court agrees with Judge Anderson's conclusion that even if the Petitioner
27 could establish that the photograph existed and that it did not resemble Petitioner, "that

would not overcome the overwhelming evidence . . . " that would warrant a violation of Brady. [Doc. #24 p. 16].

### 3. Ground VI (Insufficient evidence of "benefit" element)

#### a. Exhaustion/Procedural Objections

Ground VI challenges Judge Anderson's finding that Petitioner failed to present his claim regarding insufficient evidence of the "benefit" element of the charge of fraudulent schemes and artifices to the state courts, and that a return to the state courts would be futile because it is time-barred under Rule 32.4(c). [Doc. #24 pp. 16]. After careful review of the record, the Court rejects this finding. In his objections to the Report and Recommendation, Petitioner attached the relevant pages from his second PCR filed in the Arizona Court of Appeals indicating that he has sufficiently exhausted this claim. [Doc. #29 p. 11, Exh. 1]. The Court finds that Judge Anderson's reliance on Respondents' Exhibits A and H was misplaced, as both of those exhibits relate to Petitioner's initial direct appeal and his second appeal following re-sentencing. Claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them. See Swoopes v. Sublett, 196 F.3d 1008, 1008-9 (9th Cir. 1999). As is previously stated, it makes no difference with regards to exhaustion that the trial court did not specifically rule on the issue. See Smith v. Digmon, 434 U.S. 332, 333-34 (1978).

#### b. Merits

Although the Court rejects Judge Anderson's determination that the claim is procedurally barred, it agrees that the claim fails on the merits. Petitioner claims there is no evidence that Petitioner benefitted from the fraudulent scheme and artifice. However, the Court adopts Judge Anderson's finding that the record includes circumstantial evidence to the contrary. [Doc. #24 p. 17]. This includes Petitioner's concession that his handwriting was on the checks, that he "filled-out" the checks, that he obtained a license in Charles name with Petitioner's photograph on it, that the Bank of America account had been emptied the day after Charles died, that Petitioner rented an apartment in Charles' name only five days

after he died using funds from the Bank of America account, that Petitioner cashed the checks because they had written on them the number of Petitioner's drivers license (the one with Charles' information on it), and that he possibily accompanied Petitioner to the bank. [Id.]. Based on these facts, the jury could conclude that Petitioner benefitted from cashing the checks. [Id.]

The conclusion that cash is a benefit is permissible under A.R.S. § 13-502(2) for purposes of fraudulent schemes and artifices. [Id. at 17]. Petitioner argues that this only applies where the benefit is obtained by false or fraudulent pretenses, and contends that none were present here because everything was done with Charles' consent. [Doc. #29 p. 15]. Petitioner's point stands alone, however, and is not supported by the evidence. For these reasons, the Court adopts Judge Anderson's conclusion that Ground VI fails on the merits.

### 4.    Ground VII (Insufficient evidence of prior convictions)

Ground VII challenges whether the trial court erred in using Petitioner's prior convictions to enhance his sentences. [Respondents' Exh. H at ¶ 6, Exh. VI]. Judge Anderson found that the issue of whether the trial court's reliance on the prior convictions to enhance his sentences without determining the dates of the prior convictions is one of state law. [Doc. #24 pp. 19-20]. However, he stopped short of finding that Petitioner's claim was unexhausted. [Id. at 19-21.]. Petitioner's challenge to any implied finding will not be addressed, as it is of no consequence, where Judge Anderson evaluated Petitioner's claim under the assumption that he properly asserted a federal due process claim. [Id. at 22].

According to Jackson v. Virginia, the "relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979). Under 2254(d), the Court must determine whether the state decision was contrary to or involved an unreasonable application of Jackson. Judge Anderson found that there was sufficient evidence of the two prior convictions, where the State disclosed to the defense numerous alleged prior convictions and the evidence supporting them, Petitioner admitted

to the prior convictions during trial, and the trial court found the existence of the two prior convictions based on Petitioner's testimony. [Doc. #24 p.23]. Under Arizona law, this was sufficient proof. Ariz. R. Crim. P. 17.6. Petitioner argues that there was a total failure of proof, where "no attempt was made to prove the dates of the commission of the prior convictions." [Doc. #29 p. 24]. However, Judge Anderson found that by admitting the prior convictions, Petitioner admitted the charged allegation of prior convictions, which included the dates upon which those offenses were committed. [Doc. #24 p. 22-23]. For these reasons, the Court agrees with Judge Anderson's finding that the Arizona Court of Appeals' decision was neither contrary to nor rested on an unreasonable application of Jackson.

Finally, Petitioner argues that Judge Anderson failed to address his Apprendi claim, which he contends requires that the dates upon which his prior convictions were committed to be proved to a jury beyond a reasonable doubt. [Doc.#29 p. 22]. In Apprendi v. New Jersey, the Supreme Court held that "[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Petitioner submits that the dates go to whether there is a historical prior under Arizona Statute. [Doc.#29 p. 15]. Whether Apprendi requires issues of fact related to the definition of a prior to be submitted to a jury makes no difference here, because Apprendi does not apply retroactively to cases on collateral review. See Cooper-Smith, 397 F.3d 1236, 1245-46 (9th Cir. 2005). Because Apprendi is not retroactive, Petitioner cannot make a substantial showing of denial of a constitutional right.

1     Accordingly,

2     **IT IS ORDERED** that Magistrate Judge Anderson's Report & Recommendation (Doc. #24) to deny Petitioner's Writ of Petition is **ADOPTED, in part, and REJECTED, in part,** as set forth in this order.

5     **IT IS FURTHER ORDERED** that the Petitioner David Stocks' Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED.**

7     **IT IS FURTHER ORDERED** that the Clerk of Court terminate this action.

DATED this 18 day of October, 2005.

_____
Roslyn O. Silver
United States District Judge